DELANO FITZ-MAURICE SEUNG, In Pro Per
fitzs@aol.com
435 Avenue of Flags #16
Buellton, CA 93427

Plaintiff in Pro Per

FILED
2016 APR 15 PM 4:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO FITZ-MAURICE SEUNG,<br><br>Plaintiff,<br><br>vs.<br><br>B. BEARDMORO, ET AL.<br><br>Defendants. | No. 2:12-cv-06669-JAK (DTB)<br><br>CV-15-6663-JAK(DTB)<br><br>PLAINTIFF'S RESPONSES TO ORDER TO SHOW CAUSE RE LACK OF SERVICE |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE LACK OF SERVICE**

On March 25, 2016, the Court issued an Order to Show Cause re Lack of Service. (ECF No. 12) In its Order, the Court noted that this action commenced on August 31, 2015, and that no proof of service has been filed with the Court. *Id.* The Court ordered Plaintiff to show cause as to why Defendant has not been timely served. *Id.* As Plaintiff will describe below, Plaintiff will file a forthcoming Motion to Amend the Complaint because Plaintiff's investigations have now revealed that the Defendants name was incorrectly plead. In addition, Plaintiff has obtained information about other co-defendants that are to be named in the amended Complaint.

---

PLAINTIFF RESPONSES TO ORDER TO SHOW CAUSE

- 1 -

LAW OFFICES OF DONALD T. DUNHAM
8632 E. Valley Boulevard, Suite P
Rosemead, CA 91770
Tel. (626)288-1699

## LEGAL STANDARD

With regard to Rule 4(m), the 9th Circuit has held that "District Courts have broad discretion to extend time for service under Rule 4(m)." Efaw v. Williams, 473 F. 3d 1038, 1041 (9th Cir. 2007) The Supreme Court has, similarly, held that "the 120-day provision [of rule 4(m)] operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 US 654, 661 (1996).

## PLAINTIFF'S INVESTIGATION

Throughout the instant action, Plaintiff has diligently progressed with its investigation of the circumstances surrounding the violation of civil rights. Plaintiff's naming of B. Beardmoro as the Defendant in the instant action was based on the information on the traffic citation received on the date of the incident. Plaintiff worked diligently to conduct an investigation himself. Plaintiff was repeatedly told there was no police report from the date of the incident. Plaintiff previously stated such in a request for extension (February 4, 2016). Ultimately, Plaintiff has been successful and recently obtained the information of the El Segundo police department report which states the correct defendants to be named in the Complaint.

## ASSISTANCE OF COUNSEL

Plaintiff was prepared to serve the Defendant, only to find out that the Defendant is not named correctly in the Complaint and summons. Due to this misunderstanding, Plaintiff diligently sought to Amended Complaint. However, unfamiliar and unable to follow the proper procedural requirements, Plaintiff has sought counsel to assist in this matter. Plaintiff has met with attorneys to seek immediate assistance. In addition, Plaintiff met with multiple paralegals to assist. Ultimately, Plaintiff has found and is obtaining counsel to act on his behalf in this matter

LAW OFFICES OF DONALD T. DUNHAM
8632. E. Valley Boulevard, Suite P
Rosemead, CA 91770
Tel. (626)288-1699

to properly amend the complaint, serve defendants and proceed accordingly. Due to time constraints counsel was unable to enter appearance.

Plaintiff ongoing investigation of Defendants revealed the true names of Defendants and herein states that good cause exists and plaintiff herein requests an extension of time to serve defendants. Plaintiff shall subsequently amend the complaint with the proper defendants and pleadings; properly serve the true named Defendants with the assistance of his counsel.

Dated: April 15, 2016

Respectfully submitted,

By: _____
DELANO F. SEUNG
In pro per

PLAINTIFF RESPONSES TO ORDER TO SHOW CAUSE

- 3 -