1  STEVEN J. ROTHANS – State Bar No. 106579
2  JUSTIN READE SARNO –State Bar No. 229803
   CARPENTER, ROTHANS & DUMONT
3  888 S. Figueroa Street, Suite 1960
   Los Angeles, CA 90017
4  (213) 228-0400
   (213) 228-0401 [Fax]
5  srothans@crdlaw.com | jrs@crdlaw.com
   www.crdlaw.com
6
   Attorneys for Defendants, City of El Segundo, a public entity,
7  Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent
   Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  DELANO FITZ-MAURICE SEUNG;     )  Case No.:  CV15-6663 JAK (DTB)
                                   )
13             Plaintiff,          )  **NOTICE OF MOTION AND**
                                   )  **MOTION TO DISMISS FIRST**
14      vs.                        )  **AMENDED COMPLAINT FOR**
                                   )  **DAMAGES; MEMORANDUM OF**
15  BRENT BEARDMORE; CITY OF EL    )  **POINTS AND AUTHORITIES IN**
    SEGUNDO; EL SEGUNDO POLICE     )  **SUPPORT THEREOF**
16  DEPARTMENT; MITCH TAVERA,      )
    Chief of Police, El Segundo Police )  **[Fed. R. Civ. P., Rule 12(b)(6)]**
17  Department; SCOTT BLACK;       )
    STEVEN TRUJILLO, JR.; MICHAEL  )  DATE:   July 28, 2016
18  GILL; EDWARD VILLARREAL; and   )  TIME:   10:00 a.m.
    DOES 1 to 10, Inclusive,       )  COURTROOM:  3 - Riverside
19                                 )
               Defendants.         )
20                                 )
                                   )
21                                 )  Discovery Cut-Off: Not set
                                   )  Final Pre-Trial Conf.:  Not set
22                                 )  Trial: Not set
                                   )
23  _____)

24      PLEASE TAKE NOTICE that on July 28, 2016, at 8:30 a.m., or as soon

25  thereafter as counsel may be heard in Courtroom "3" of the United States District

26  Court, Central District, located at 3470 Twelfth Street, Riverside, California

27  92501-3801, Defendants, City of El Segundo, a public entity, Chief Mitch Tavera,

28  Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven

                                   - 1 -

Trujillo, Jr., Sgt. Edward Villarreal, public employees, will and hereby do move this Court for an order dismissing the Complaint for Damages, pursuant to Federal Rules of Civil Procedure, Rule 12 (b)(6) and 12(f).  This motion is made on the following grounds:

1.      Plaintiff's first claim for excessive force, unlawful seizure, and conspiracy, pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted.

2.      Plaintiff's second claim for unlawful custom and practice under 42 U.S.C. § 1983 against the City of El Segundo and Chief Tavera fails to state a claim upon which relief can be granted.

3.      Plaintiff's third claim for violation of 42 U.S.C. § 1985(2) fails to state a claim upon which relief can be granted.

4.      Plaintiff's fourth claim for violation of 42 U.S.C. § 1985(3) fails to state a claim upon which relief can be granted.

5.      Plaintiff's fifth claim for violation of 42 U.S.C. § 1986 fails to state a claim upon which relief can be granted.

6.      This Court is authorized to grant the present motion to dismiss as to all claims against Officers Beardmore and Gill, as there are no facts to support any claim for relief against them.

7.      This Court is authorized to grant the present motion to dismiss as to the first, third, fourth, and fifth claims against Chief Tavera with prejudice, as there are no allegations to state liability against him.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1   DATED:  June 21, 2016          CARPENTER, ROTHANS & DUMONT

2

3                                        /s/
    By:   _____
4                                     STEVEN J. ROTHANS
                                      JUSTIN READE SARNO
5                                     Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF FACTS ............................................................................2

III.    PLAINTIFFS' CLAIMS ...............................................................................4

IV.     LEGAL STANDARD ON MOTION TO DISMISS .....................................4

V.      STATEMENT OF LAW ...............................................................................7

      A.    Plaintiff's first claim for excessive force, unlawful seizure, and conspiracy, pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted ...................................................................7

           1.    First Amendment .......................................................................7

           2.    Fourteenth Amendment ............................................................8

           3.    Conspiracy ................................................................................9

      B.    Plaintiff's second claim for unlawful custom and practice under 42 U.S.C. § 1983 against the City of El Segundo and Chief Tavera fails to state a claim upon which relief can be granted ...........................10

      C.    Plaintiff's third claim for violation of 42 U.S.C. § 1985(2) fails to state a claim upon which relief can be granted ..................................13

      D.    Plaintiff's fourth claim for violation of 42 U.S.C. § 1985(3) fails to state a claim upon which relief can be granted ..................................14

      E.    Plaintiff's fifth claim for violation of 42 U.S.C. § 1986 fails to state a claim upon which relief can be granted ...........................................16

      F.    This Court is authorized to grant the present motion to dismiss as to all claims against Officers Beardmore and Gill, as there are no facts to support any claim for relief against them ......................................16

      G.    This Court is authorized to grant the present motion to dismiss as to the first, third, fourth, and fifth claims against Chief Tavera with prejudice, as there are no allegations to state liability against him ...17

VI.     CONCLUSION ............................................................................................17

TABLE OF CONTENTS AND AUTHORITIES

# TABLE OF AUTHORITIES

## Cases

Albright v. Oliver, 510 U.S. 266 (1994)............................................................8, 9

Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980) ...................................................15

Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399 (9th Cir. 1996) ......9

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ............................................................5, 12

Aulston v. Blanchard, 83 F.3d 1 (1st Cir. 1996) .......................................................9

Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1988) ...........................5

Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).......................5, 6, 12

Berry v. Baca, 379 F.3d 764 (9th Cir. 2004)

Brass v. County of Los Angeles, 328 F.3d 1192 (9th Cir. 2003)...........................11

Buckey v. County of Los Angeles, 968 F.2d 791 (9th Cir. 1992) ..........................1

Cassettari v. Nevada County, Cal., 824 F.2d 735 (9th Cir. 1987) .........................13

Chiplin Enter. v. City of Lebanon, 712 F.2d 1524 (1st Cir.1983) .........................1

City of St. Louis v. Proprotnik, 485 U.S. 112 (1988) ..........................................11

County of Sacramento v. Lewis, 523 U.S. 833 (1998) ...........................................9

Dooley v. Reiss, 736 F.2d 1392 (9th Cir. 1984)...................................................13

Fairlev v. Luman, 281 F.3d 913 (9th Cir. 2002) ..................................................11

Graham v. Connor, 490 U.S. 386 (1989) ................................................................9

Griffin v. Breckenridge, 403 U.S. 88 (1971).....................................................14, 15

Guillory v. County of Orange, 731 F.2d 1379 (9th Cir. 1984) .............................11

Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982)..........................................6

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621 (9th Cir. 1988)...........16

Kush v. Rutledge, 460 U.S. 719 (1983)...............................................................13

Lucas v. Dept. of Corrections, 66 F.3d 245 (9th Cir. 1995) ...................................6

Mahaney v. Warren County, 206 F.3d 770 (8th Cir. 2000)...................................14

McMillian v. Monroe County, 520 U.S. 781 (1997) .............................................11

Meehan v. City of Culver City, 856 F.2d 102 (9th Cir. 1988)..............................11

TABLE OF CONTENTS AND AUTHORITIES

Monell v. Dept. of Social Services of City of N.Y., 436 U.S. 658 (1978) ......10, 12

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986) ...............................11

Reed v. Hoy, 909 F.2d 324 (9th Cir. 1990).........................................8

Saucier v. Katz, 531 U.S. 991 (2001)..............................................8, 9

SEC v. Seaboard Corp., 677 F.2d 1315 (9th Cir. 1982)..........................10

Sloman v. Tadlock, 21 F.3d 1462 (9th Cir. 1994)..................................7

Sprewell v. Golden State Warriors, 266 F.3d 979 (9th Cir. 2001) .............15

Trevino v. Gates, 99 F.3d 911 (9th Cir. 1996) ...................................11

United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO,

   463 U.S. 825 (1983) .........................................................14, 15

United States v. Lanier, 520 U.S. 259 (1997) .....................................8, 9

Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136 (9th Cir. 2003) ...........6

Weisbuch v. County of Los Angeles, 119 F.3d 778 (9th Cir. 1997).................5

**Statutes**

FED. R. CIV. P., 12(b)(6) ........................................................4, 12

**Other Authorities**

U.S. CONST., amend I...............................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This civil action arises out of an incident that occurred on August 31, 2013, when Plaintiff Delano Fitz-Maurice Seung (hereinafter "Seung") was stopped and detained on Holly Avenue, in the City of El Segundo.  Plaintiff claims that he was a U.S. custom's agent and was in lawful possession of a firearm on the date of the incident.  Further, plaintiff claims that he was stopped by officers from the El Segundo Police Department, and that he was subjected to an unjustified seizure for approximately 2 hours, as the officers interrogated him.  As a result of the encounter, plaintiff filed the present civil lawsuit on August 31, 2015, asserting numerous claims for relief.  Following several requests for extension of time to amend his complaint, which were granted by this Honorable Court, plaintiff filed a First Amended Complaint ("FAC") on May 12, 2016.  In the FAC, plaintiff asserts numerous claims, including violations of 42 U.S.C. § 1983, and 1985 respectively.

As stated cogently by the Ninth Circuit in Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992), the plaintiffs' "vague and conclusory complaint" in this action "'aims in the general direction of the federal Constitution with buckshot' [and] cannot survive a motion to dismiss."  Id. at 794, citing Chiplin Enter. v. City of Lebanon, 712 F.2d 1524, 1526 (1st Cir.1983).

In the spirit of the Buckey decision, defendants hereby submit the present motion to dismiss, as a bulk of the plaintiff's claims fail to state a claim upon which relief can be granted.  It is worth noting at the outset that for purposes of the present motion, defendants do not address plaintiff's Fourth Amendment claim under section 1983 for excessive force and unlawful seizure, as it is conceded that sufficient facts have been pleaded with respect to that claim.

However, as shall be demonstrated in the present motion, in all remaining respects, plaintiff's FAC is defective on its face.  First, plaintiff fails to state facts sufficient to state a claim for violation of the First and Fourteenth Amendments,

- 1 -

1    and plaintiff has failed to allege a proper claim for conspiracy under section 1983.

2    Second, plaintiff has failed to state any cognizable claims for violation of 42

3    U.S.C. §§ 1985 and 1986 respectively, as the allegations are couched in pure

4    conclusions of law.  Third, there are no facts stated in the FAC to assert any claim

5    against Officers Beardmore and Gill.  Fourth, plaintiff's first, third, fourth, and

6    fifth claims fail to state a claim for relief against Chief Mitch Tavera ("Chief

7    Tavera").  Thus, for the foregoing reasons, this Honorable Court is respectfully

8    requested to grant the present motion to dismiss in its entirety.

9    ## II.   STATEMENT OF FACTS

10         On the night of August 31, 2013, Seung was in the City of El Segundo,

11   California.  He was "taking food to the residence of local missionaries."  FAC, ¶

12   11.  Seung is a sixty-two (62) year old, "soft-spoken" male of Asian American

13   descent.  Id.  At approximately 9:20 p.m., Seung parked his vehicle on local street

14   parking on Holly Street.  Upon exiting his vehicle, Officer Scott Black ("Black")

15   turned on his patrol car headlamp, including red and blue lights on Seung.  Id. at ¶

16   12.  Seung claims to have immediately stopped and complied.  Id. at ¶ 13.

17         Seung allegedly identified himself as a "federal agent."  Id.  Further, he

18   stated that he worked at nearby Los Angeles International Airport, as a U.S.

19   customs agent and that his vehicle plates also would indicate that he was a

20   "confidential law enforcement officer."  Id.

21         Officer Black directed Seung to place his hands upon the vehicle car.  Id. at

22   ¶ 14.  Seung indicated that his ID was in his vehicle, and he was directed to

23   retrieve it.  Id.  Seung got his ID from a gym back on the front passenger seat, at

24   which point Officer Black requested that Seung place his hands behind his back.

25   Officer Black grabbed Seung's arm "placing him in a single arm control hold and

26   immediately seized and assaulted Mr. SEUNG by handcuffing him aggressively

27   with force."  Id.

28         Officer Black conducted a pat down of Seung.  Id. at ¶ 15.  Officer Steven

- 2 -

## NOTICE OF MOTION AND MOTION TO DISMISS
## FIRST AMENDED COMPLAINT

1   Trujillo arrived on scene and began to "interrogate" Seung.  Officer Trujillo then

2   allegedly "stood with his hand on his service weapon immediately in front and

3   facing down upon Mr. SEUNG in an aggressive and intimidating manner."  Id.

4       Seung allegedly cooperated and answered all questions regarding his work,

5   address, supervisors, and reason for being in the area.  Id. at ¶ 16.  Nonetheless, he

6   claims that he was continuously interrogated.  Id.  Thereafter, Officers Michael

7   Gill ("Gill") and Brent Beardmore ("Beardmore") arrived on scene in marked

8   police vehicles.  Id.

9       Although Officer Black allegedly obtained Seung's wallet, with a U.S.

10  Customs identification inside of it, Seung "continued to be detained and remained

11  handcuffed curbside for the entire duration" of approximately one hour and forty

12  minutes.  Id. at ¶ 17.  Seung claims that his service revolver was found together

13  with his wallet.  Id.  When Seung was asked if the officers could search his

14  vehicle, he allegedly responded: "I see no reason for a search, nor to detain me in

15  handcuffs as I have done nothing wrong."  Id.

16      Sergeant Edward Villarreal ("Villarreal") arrived on scene to meet with the

17  officers.  Id. at ¶ 18.  Seung claims to have been cooperative with Officer

18  Villarreal.  Id.  Seung claims he was still seated on the sidewalk in handcuffs for

19  two (2) hours, and that the City was "unapologetic."  Id. at ¶ 19.

20      Thereafter, Sgt. Villareal notified U.S. Customs watch commander, Chief

21  Melissa Armijo at LAX, that they had detained Seung.  Id. at ¶ 20.  Chief Armijo

22  went to the incident location accompanied by Chief Adrienne Lowe.  Plaintiff

23  alleges that although Armijo and Lowe confirmed Seung's account, Seung was

24  still not released.  Id.

25      Plaintiff claims that "in a conspiracy to justify SEUNG's seizure and assault

26  by CITY, and to support the suppression of SEUNG," Officer Black is alleged to

27  have then wrote a police report in which he "falsely claimed" that he had witnessed

28  Seung walk away during a pat down search, and that Seung was "uncooperative

- 3 -

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

with answering questions" regarding the handgun and ID, and that Seung tried to pull away from the grip of Officer Black.  Id. at ¶ 21.  Plaintiff further claims that the officers engaged in a conspiracy to justify the seizure and assault, because Officer Black wrote in a police report that Seung was engaged in "erratic behavior" and that he had unkept living conditions, and that the officers were worried for his well-being.  Id. at ¶ 22.

Plaintiff claims that he was release at 11:40 p.m., and that he was in pain from being handcuffed on the sidewalk and embarrassed for himself that his employers were called to the scene.  Id. at ¶ 23.  Seung was cited for violation of Vehicle Code § 24601, due to a license plate lamp not being lit properly.  The infraction was resolved with disposition of dismissal with proof of correction.  Id. at ¶ 25.

## III.　PLAINTIFF'S CLAIMS

The First Amended Complaint asserts six claims against Defendants, City of El Segundo, a public entity, Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., and Sgt. Edward Villarreal, public employees:

(1)　Violation of civil rights: excessive force, unlawful seizure, and conspiracy (42 U.S.C. § 1983) – against all individual defendants;

(2)　Unlawful custom and practice (42 U.S.C. § 1983) – against Defendants, City of El Segundo, and Chief Mitch Tavera;

(3)　Violation of 42 U.S.C. § 1985(2) – against all individual defendants;

(4)　Violation of 42 U.S.C. § 1985(3) – against all individual defendants;

(5)　Violation of 42 U.S.C. § 1986 – against all individual defendants.

## IV.　LEGAL STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure, Rule 12(b)(6) authorizes a motion to dismiss a claim where the Complaint fails to state facts sufficient to support a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  A motion to

- 4 -

dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>Weisbuch v. County of Los Angeles</u>, 119 F.3d 778, 783 (9th Cir. 1997).

In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court discussed a Motion to Dismiss for failure to state a claim in light of Federal Rule of Civil Procedure, Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  In <u>Twombly</u>, the Court recognized that Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), citing <u>Twombly</u>, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Citation omitted].  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' [Citation omitted.]" <u>Ashcroft</u>, 556 U.S. at 678, *citing* <u>Twombly</u>, 550 U.S. at 557.  In <u>Ashcroft v. Iqbal</u>, *supra*, the Supreme Court discussed at length the two guiding principles established by <u>Twombly</u>.

**First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.**  [Citation omitted].  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we  "are not bound to accept as true a legal conclusion couched as a factual allegation").  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

- 5 -

1   more than conclusions.

2   Id. at 678-79 (emphasis added).  The second principle enunciated by the Court in

3   Twombly focuses on the plausibility of a claim for relief:

4           Second, only a complaint that states a plausible claim for relief

5           survives a motion to dismiss.  [Citation omitted].  Determining

6           whether a complaint states a plausible claim for relief will …

7           be a context-specific task that requires the reviewing court to

8           draw on its judicial experience and common sense.  [Citation

9           omitted].  But where the well-pleaded facts do not permit the

10          court to infer more than the mere possibility of misconduct, the

11          complaint has alleged – but it has not "show[n]" – "that the

12          pleader is entitled to relief."  [Citation omitted].

13  Id. at 679.  In other words, the plaintiffs' complaint must contain facts that

14  "nudge[] [their] claims  … across the line from conceivable to plausible."  Id. at

15  680, citing Twombly, 550 U.S. at 570.

16          Further, if a claim for relief cannot be cured by amendment, it should be

17  dismissed without affording the plaintiff leave to amend.  Lucas v. Dept. of

18  Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  With respect to allegations raised

19  in civil rights complaints, the Ninth Circuit has indicated that a "liberal

20  interpretation of a civil rights complaint may not supply essential elements of a

21  claim that were not initially pled."  Ivey v. Board of Regents, 673 F.2d 266, 268

22  (9th Cir. 1982).  Moreover, with respect to the manner in which allegations are

23  pled, the Ninth Circuit has indicated that it does not "necessarily assume the truth

24  of legal conclusions merely because they are cast in the form of factual

25  allegations."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th

26  Cir. 2003).

27

28

- 6 -

It is respectfully submitted that the plaintiffs' allegations, which are – at best – threadbare recitals of the elements of their claims, are insufficient to support many of their claims for relief.

**V.   STATEMENT OF LAW**

    **A.   Plaintiff's first claim for excessive force, unlawful seizure, and conspiracy, pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted.**

At Paragraph 27 of the FAC, plaintiff alleges that the first claim for violation of 42 U.S.C. § 1983 is based upon the "First, Fourth, and Fourteenth Amendments of the United States Constitution" and is predicated upon the theories of excessive force, unlawful seizure, and conspiracy.  FAC, at ¶¶ 27, 28. As such, each purported constitutional basis for liability shall be addressed ad seriatim.

    **1.   First Amendment**

Plaintiffs' first claim is predicated upon, inter alia, a violation of the First Amendment pursuant to 42 U.S.C. § 1983.  Specifically, at Paragraph 1 of the FAC, plaintiff alleges that he seeks damages against defendants for committing acts, under color of law, "with the intent and for the purpose of … retaliating against Plaintiff for his exercise of constitutionally protected speech …"  FAC, ¶ 1.

The First Amendment forbids the abridgment of speech.  U.S. CONST., amend I.  To establish a viable First Amendment violation under 42 U.S.C. § 1983, a plaintiff must produce evidence to demonstrate that "by [their] actions [the officers] deterred or chilled [the plaintiff's] speech and such deterrence was a substantial or motivating factor in [the officers'] conduct."  <u>Sloman v. Tadlock</u>, 21 F.3d 1462, 1469 (9th Cir. 1994).

Plaintiffs' allegations are couched in pure conclusions of law, with no facts provided or averred whatsoever.  As alleged, there is simply no factual basis to

state a claim for deprivation of the plaintiff's First Amendment rights under
section 1983, as there was no speech component to any of the allegations/conduct
of the plaintiff which motivated or implicated any of the officers' conduct.  As a
result, this Court is respectfully requested to grant the present motion to dismiss as
to plaintiffs' first claim for relief, insofar as it is predicated upon any violation of
the First Amendment.

### 2.   Fourteenth Amendment

Next, plaintiff's claim for violation of the Fourteenth Amendment under
Section 1983 against these moving Defendants is thoroughly wrong-headed, and
must be dismissed with prejudice for failure to state a claim upon which relief can
be granted.

The Fourteenth Amendment provides, in part, that no State shall "deprive
any person of life, liberty, or property, without due process of law."  U.S. CONST.,
amend. XIV, § 1.  "If a constitutional claim is covered by a specific constitutional
provision... the claim must be analyzed under the standard appropriate to that
specific provision, not under the rubric of substantive due process."  Id. at 843
(1998) (*quoting* United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)); *accord*
Saucier v. Katz, 531 U.S. 991 (2001); Albright v. Oliver, 510 U.S. 266, 272
(1994).  Specifically, the Ninth Circuit has expressly held that claims arising
before or during arrest are to be analyzed, exclusively, under the Fourth
Amendment and not the Fourteenth Amendment.  See e.g., Reed v. Hoy, 909 F.2d
324, 329 (9th Cir. 1990) ("[C]laims arising before or during arrest are to be
analyzed exclusively under the Fourth Amendment's reasonableness standard
rather than the substantive due process standard ….").

It is well-established that the "Fourth Amendment's prohibition against
unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and
unusual punishments... are the two primary sources of constitutional protection
against physically abusive governmental conduct."  Graham v. Connor, 490 U.S.

386, 394 (1989). "If a constitutional claim is covered by a specific constitutional provision... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998) (quoting <u>United States v. Lanier</u>, 520 U.S. 259, 272 n. 7 (1997)); *accord* <u>Saucier v. Katz</u>, 531 U.S. 991 (2001); <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994).

Here, there is no basis to assert Fourteenth Amendment liability based upon the facts contained in the FAC, as the facts pertain solely to allegations regarding a defective seizure, which is governed by the Fourth Amendment. As a result, this Court is respectfully requested to grant the present motion to dismiss as to plaintiffs' first claim for relief, insofar as it is predicated upon any violation of the Fourteenth Amendment.

### 3.   <u>Conspiracy</u>

Plaintiff has failed to state a claim upon which relief can be granted, relative to a conspiracy violation under 42 U.S.C. § 1983. Specifically, in order to plead a prima facie claim for conspiracy under Section 1983, a plaintiff must set forth sufficient authorizing facts tending to establish the following:

> (1) the existence of an express or implied agreement among the defendant[s]… to deprive [him] of [his] constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." <u>Ting v. United States</u>, 927 F.2d 1504, 1512 (9th Cir. 1991).

As one court noted, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." <u>Aulston v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). As set forth *supra*, the Ninth Circuit similarly held in <u>Anderson v. Clow (In re Stac Elecs. Sec. Litig.)</u>, 89 F.3d 1399 (9th Cir. 1996), that:

**"[c]onclusory allegations of law and unwarranted inferences are insufficient**

1   **to defeat a motion to dismiss for failure to state a claim."** <u>Id.</u> at 1403.

2   (Emphasis added).

3          In this case, plaintiff's allegations regarding the existence of a conspiracy

4   are not anchored in specific, particularized facts.  Instead, plaintiff simply alleges

5   that the defendants "carried out and perpetrated the mutually supportive

6   conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to

7   illegally seize, detain, and fraudulently hold Plaintiff on manufactured reasons and

8   supported by Defendants."  FAC, ¶ 29.  Absent pure conclusions of law about

9   false and fraudulent behavior, plaintiff provides no facts to support a conspiracy

10  claim.  It is well-established that fraud must be pleaded "with particularity" (Fed.

11  R. Civ. P., Rule 9(b)), and a mere conclusion need not be accepted as true absent

12  supporting allegations establishing why it was "fraudulent."  <u>See</u> <u>e.g.</u>, <u>SEC v.</u>

13  <u>Seaboard Corp.,</u> 677 F.2d 1315, 1316 (9th Cir. 1982).  In short, plaintiff provides

14  zero facts in support of any fraud, or conspiracy claim, other than by simply

15  stating that their conduct was fraudulent and conspiratorial.  As such, this Court is

16  respectfully requested to grant defendants' motion to dismiss as to plaintiff's first

17  claim for conspiracy under section 1983.

18          **B.    <u>Plaintiff's second claim for unlawful custom and practice under</u>**

19              **<u>42 U.S.C. § 1983 against the City of El Segundo and Chief Tavera</u>**

20              **<u>fails to state a claim upon which relief can be granted.</u>**

21          Plaintiff's second claim for unlawful custom and practice under 42 U.S.C. §

22  1983 fails to state a claim upon which relief can be granted.  As styled, plaintiff's

23  FAC attempts to state a claim for liability under <u>Monell v. Dept. of Social</u>

24  <u>Services of City of N.Y.,</u> 436 U.S. 658 (1978), yet it does so with fatal reliance

25  upon boilerplate allegations and an absence of factual support.

26          In <u>Monell</u>, the Supreme Court held, "the doctrine of respondeat superior is

27  not a basis for rendering municipalities liable under § 1983 for the constitutional

28  torts of their employees."  <u>Id.</u> at 663; <u>McMillian v. Monroe Cty.,</u> 520 U.S. 781

- 10 -

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1    (1997). Therefore, regardless of whether the officers "violated" plaintiff's civil

2    rights, the City of El Segundo cannot be vicariously liable under section 1983 as a

3    matter of law.

4         The Supreme Court explained, "municipal liability under § 1983 attaches

5    where – and only where – a *deliberate choice to follow a course of action* is made

6    from among various alternatives by the official(s) responsible for establishing

7    final policy with respect to the subject matter in question. <u>Pembaur v. City of</u>

8    <u>Cincinnati</u>, 475 U.S. 469, 483-84 (1986).

9         In <u>Meehan v. City of Culver City</u>, 856 F.2d 102 (9th Cir. 1988), the Ninth

10   Circuit reiterated that, "[p]roof of a single incident of unconstitutional activity is

11   not sufficient to impose liability under <u>Monell</u>, **unless proof of the incident**

12   **includes proof that it was caused by an existing, unconstitutional [local**

13   **government] policy, which policy can be attributed to a [local government]**

14   **policymaker."** <u>Id.</u> at 107 (emphasis added). Moreover, a plaintiff cannot

15   succeed on a Section 1983 claim against a local government unless he can show

16   that, "action pursuant to official municipal policy of some nature caused a

17   constitutional violation." <u>See</u> <u>Berry v. Baca</u>, 379 F.3d 764, 767 (9th Cir. 2004)

18   ("policy of inaction must be more than mere negligence"). Rather, a "'policy'

19   [for purposes of <u>Monell</u>] is 'a deliberate choice to follow a course of action…

20   made from among various alternatives by the official or officials responsible for

21   establishing final policy with respect to the subject matter in question.'" <u>Fairlev</u>

22   <u>v. Luman</u>, 281 F.3d 913 (9th Cir. 2002).

23        In <u>Trevino</u>, the Ninth Circuit rejected a plaintiff's claim that a city's

24   purported practice of indemnifying officers for punitive damage awards incurred

25   for using excessive force encouraged those officers to use excessive force in

26   making arrests. <u>Trevino v. Gates</u>, 99 F.3d 911, 918-20 (9th Cir. 1996) (stating that

27   "liability for improper custom may not be predicate on isolated or sporadic

28   incidents").

- 11 -

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

As cited above, in <u>Twombly</u> and <u>Ashcroft</u> the Supreme Court noted that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice … [Federal Rules of Civil Procedure] Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Ashcroft</u>, 556 U.S. at 678.  The allegations in support of the fourth claim are nothing more than "mere conclusory statements" and do not support a claim for failure to train.

In support of their allegations for purposes of a <u>Monell</u> claim, plaintiffs provide pure boilerplate allegations and conclusions of law located in the form of 11 sub-paragraphs of conclusions.  Specifically at Paragraph 39(1)-(11), plaintiff alleges—without any facts whatsoever—that the City and Chief Tavera had knowledge of assaultive misconduct; had knowledge of prior acts of dishonesty; refused to discipline officers; refused to investigate allegations of misconduct; threatened officers who reported acts of abuse by other officers; sanctioned a code of silence; rewarded officers who showed aggressive behavior towards detainees; failed to adequately train officers in use of force; failed to adequately supervise officers; condoned a conspiracy of silence; and encouraged an "atmosphere of lawlessness."  FAC, ¶ 39(1)-(11).

However, absent any specific facts or circumstances supporting the same, plaintiffs' Complaint amounts to nothing more than an exercise in groundless conjecture and filling in the blanks from a prior form complaint.[1]  These types of allegations are insufficient for purposes of pleading a civil rights claim under <u>Monell</u>.  As such, this Court is respectfully requested to grant defendants' motion to dismiss the second claim.

---

[1] It is worth noting that the pleading contains a different case number on Page 1, and plaintiff scribbled out the case number, interlineating the correct one. This, among other things, demonstrates that the FAC is boilerplate in nature.

- 12 -

C.   **Plaintiff's third claim for violation of 42 U.S.C. § 1985(2) fails to state a claim upon which relief can be granted.**

Section 42 U.S.C. § 1985(2) has two parts: the first proscribes conspiracies to interfere with the administration of justice in federal courts; the second applies to conspiracies to obstruct the course of justice in state courts. See <u>Dooley v. Reiss</u>, 736 F.2d 1392, 1395 (9th Cir. 1984).[2]  Only the second part of Section 1985(2) is pertinent to this action, as the Complaint alleges that defendants impeded or obstructed the due course of justice in the State of California and County of Los Angeles.  The second part of the statute provides:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws …[an action for damages will lie].

See 42 U.S.C. § 1985(2).

Each of these portions of the statute contain language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." <u>Kush v. Rutledge</u>, 460 U.S. 719 (1983).  However, the absence of a Section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.  <u>Cassettari v. Nevada County, Cal.</u>, 824 F.2d 735, 739 (9th Cir. 1987) (citing <u>Dooley</u>, 736 F.2d at 1395).  Moreover, "bare"

_____

[2] Section 1985(2) originally was enacted as part of section 2 of the Civil Rights Act of 1871, 17 Stat. 13. The portion of section 2 that was later codified as the first part of section 1985(2) proscribed conspiracies "by force, intimidation, or threat to influence the verdict, presentment, or indictment, of any juror or grand juror in any court of the United States …" The current language of section 1985(2) does not contain the phrase "by force, intimidation, or threat" immediately preceding the phrase "to influence … any juror or grand juror."  See <u>Dooley</u>, 736 F.2d at 1395.

- 13 -

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1    allegations and "rank" conjecture are insufficient to support a claim under Section

2    1985 for a civil conspiracy.  See Mahaney v. Warren County, 206 F.3d 770, 772

3    (8th Cir. 2000).

4         In the FAC, plaintiff claims that the officers acted with an intent to

5    discriminate and conspire, because plaintiff is Asian-American.  FAC, at ¶ 42.

6    However, there are absolutely no facts presented in the FAC to suggest that the

7    officers were motivated by race.  Instead, plaintiff's FAC, at Paragraphs 41-45,

8    simply contains baseless conclusions of law.  As such, this Court is respectfully

9    requested to grant the present motion to dismiss as to plaintiff's third claim for

10   relief.

11        **D.    Plaintiff's fourth claim for violation of 42 U.S.C. § 1985(3) fails to**

12              **state a claim upon which relief can be granted.**

13        To prove a violation of Section 1985(3), plaintiff must show "some racial, or

14   perhaps otherwise class-based, invidiously discriminatory animus behind the

15   conspirators' action.  The conspiracy, in other words, must aim at a deprivation of

16   the equal enjoyment of rights secured by the law to all."  Griffin v. Breckenridge,

17   403 U.S. 88, 102 (1971).  In United Brotherhood of Carpenters and Joiners of

18   America, Local 610, AFL-CIO, 463 U.S. 825 (1983), the Supreme Court

19   unequivocally held that a critical element of a conspiracy claim under 42 U.S.C. §

20   1985 is proof of discriminatory animus.  In this regard, the High Court explained

21   that the invidious discrimination element was a necessary requirement that

22   prevented the statute from becoming a general tort action for all conduct that

23   involved two or more persons.  Id. at 834 ("In large part, opposition to the original

24   bill had been motivated by a belief that Congress lacked the authority to punish

25   every assault and battery committed by two or more persons.").  Citing to Griffin,

26   *supra*, the Court stated:

27        The constitutional shoals that would lie in the path of

28        interpreting § 1985(3) as a general federal tort law can be

- 14 -

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1    avoided by giving full effect to the congressional purpose – by

2    requiring, as an element of the cause of action, the kind of

3    invidiously discriminatory motivation stressed by the sponsors

4    of the limiting amendment. [Citation omitted.]  The language

5    requiring intent to deprive of equal protection, or equal

6    privileges and immunities, means that there must be some racial,

7    or perhaps otherwise class-based, invidiously discriminatory

8    animus behind the conspirators' action. The conspiracy, in other

9    words, must aim at a deprivation of the equal enjoyment of

10   rights secured by the law to all.

11   United Brotherhood, 463 U.S. at 834-35, citing Griffin, 403 U.S. at 102; see also

12   Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (recognizing

13   that court need not "accept as true allegations that are merely conclusory,

14   unwarranted deductions of fact, or unreasonable inferences," and that "[a]n

15   indispensable element of a claim under [§ 1985(3)] is some racial, or perhaps

16   otherwise class-based, invidiously discriminatory animus behind the conspirator's

17   action[.]"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam)

18   (holding that Section 1985 conspiracy claim was properly dismissed because

19   plaintiff had failed to allege facts establishing invidious discrimination).

20   If possible, this claim has even less merit than the claim under Section

21   1985(2) claim.  For purposes of a Section 1985(3) claim, plaintiff must articulate

22   facts to suggest that the Defendants' conduct was based upon invidious and/or

23   discriminatory animus.  Plaintiff has failed to state any facts sufficient to allege a

24   cognizable violation of equal protection.  Instead, plaintiff's fourth claim is based

25   upon pure conclusions of law, and an absence of particularized facts.  As such, this

26   Court is respectfully requested to grant the present motion to dismiss as to

27   plaintiff's fourth claim for relief.

28

- 15 -

E.   **Plaintiff's fifth claim for violation of 42 U.S.C. § 1986 fails to state a claim upon which relief can be granted.**

Section 1986 provides a cause of action against parties who fail to prevent conspiracies to violate the civil rights of other people.  Specifically, any person who knows of a conspiracy to violate civil rights (as defined by 42 U.S.C. § 1985), and who has the power to prevent the violation but refuses or neglects to do so, is liable to the person injured.  42 U.S.C. § 1986.  Thus, as a foundational prerequisite, in order to state a claim under § 1986, a complaint must contain a valid claim under Section 1985.  <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 626 (9th Cir. 1988).

Rather like a cascading array of dominos, this claim also must be dismissed as it is based upon underlying claims that themselves have no merit.  As set forth *supra*, in <u>Karim-Panahi</u>, it has been held that, as a foundational prerequisite, in order to state a Section 1986 claims, a complaint must state a valid claim under Section 1985.  Because plaintiff's original allegations for a conspiracy are based upon pure conclusions of law, this incorporate conspiracy claim under section 1986 thereby fails to state a claim upon which relief can be granted.  As such, this Court is respectfully requested to grant the present motion to dismiss as to the plaintiff's sixth claim for relief.

F.   **This Court is authorized to grant the present motion to dismiss as to all claims against Officers Beardmore and Gill, as there are no facts to support any claim for relief against them.**

With respect to Officers Gill and Beardmore, the FAC alleges that they arrived on scene in marked police vehicles, but nothing more.  FAC, at ¶ 16. There are no further allegations pertaining to these individual officers.  Thus, absent this solitary allegation at Paragraph 16, there is no basis to assert liability against Gill and Beardmore, with respect to any of the claims set forth in the FAC. As such, this Court is respectfully requested to grant the present motion to dismiss

- 16 -

1  as to each and every claim for relief in the FAC as against Officers Beardmore

2  and Gill individually, as there are no facts to state a claim for liability against

3  them.

4         **G.**      <u>**This Court is authorized to grant the present motion to dismiss**</u>

5                  <u>**as to the first, third, fourth, and fifth claims against Chief Tavera**</u>

6                  <u>**with prejudice, as there are no allegations to state liability**</u>

7                  <u>**against him.**</u>

8         Plaintiff's first through sixth claims for relief manage to name "all

9  individual defendants," which include Chief Tavera.  However, based upon a

10  reading of the FAC, and accepting all allegations of true, it is apparent that Chief

11  Tavera was not present at the scene of this alleged incident and had no

12  involvement in the incident, other than as an alleged "policy maker."  As such,

13  this motion does not seek to dismiss him from the second claim under <u>Monell</u>.

14  That said, there is no factual basis whatsoever to name Chief Tavera in the first,

15  third, fourth, and fifth claims for relief.  As such, this Court is respectfully

16  requested to grant the present motion to dismiss, with prejudice, as to first, third,

17  fourth, and fifth claims for relief in favor of Chief Tavera.

18  **VI.**   <u>**CONCLUSION**</u>

19         Based upon the foregoing, Defendants, City of El Segundo, a public entity,

20  Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent

21  Beardmore, Officer Steven Trujillo, Jr., and Sgt. Edward Villarreal, public

22  employees, respectfully request that this Court grant the instant motion to dismiss.

23

24  DATED:  June 21, 2016          CARPENTER, ROTHANS & DUMONT

25                                    /s/

26                 By:  _____

27                     STEVEN J. ROTHANS
                      JUSTIN READE SARNO

28                     Attorneys for Defendants

- 17 -

1

## PROOF OF SERVICE

2

3 I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

4

5 On June 21, 2016, I served the foregoing document(s) described as:

6 **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

7

8 upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

9

10 Delano Fitz-Maurice Seung
435 Avenue of Flags #16
Buellton, California 93427
11 fitzs@aol.com
*Plaintiff in Pro Se*

12

13 **BY MAIL**

14 __X__ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

15

16 **BY PERSONAL SERVICE**

17 _____ I delivered such envelope by hand to the addressee indicated above at the Los Angeles County Coroner's Office, 1104 N. Mission, Los Angeles, California.

18

19

20 Executed on June 21, 2016, at Los Angeles, California.

21 **FEDERAL**

22 __X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

23

24

25 ___Gabrielle Duran___          _____/s/_____
                                     (Signature)

26

27

28

- 1 -
PROOF OF SERVICE