1  **STEVEN J. ROTHANS – State Bar No. 106579**
2  **JUSTIN READE SARNO –State Bar No. 229803**
   **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA 90017**
   **(213) 228-0400**
4  **(213) 228-0401 [Fax]**
   **srothans@crdlaw.com | jrs@crdlaw.com**
5  **www.crdlaw.com**

6  Attorneys for Defendants, City of El Segundo, a public entity,
   Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent
7  Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DELANO FITZ-MAURICE SEUNG;  )  Case No.:  CV15-6663 JAK (DTB)
                                )
12              Plaintiff,      )  **NOTICE OF MOTION AND**
                                )  **MOTION TO STRIKE PORTIONS**
13      vs.                     )  **OF PLAINTIFF'S FIRST AMENDED**
                                )  **COMPLAINT; MEMORANDUM OF**
14  BRENT BEARDMORE; CITY OF EL )  **POINTS AND AUTHORITIES IN**
    SEGUNDO; EL SEGUNDO POLICE  )  **SUPPORT THEREOF**
15  DEPARTMENT; MITCH TAVERA,   )
    Chief of Police, El Segundo Police )  **[Fed. R. Civ. P., Rule 12(f)]**
16  Department; SCOTT BLACK;     )
    STEVEN TRUJILLO, JR.; MICHAEL )  DATE:   July 28, 2016
17  GILL; EDWARD VILLARREAL; and )  TIME:    10:00 a.m.
    DOES 1 to 10, Inclusive,     )  COURTROOM:  3 - Riverside
18                               )
              Defendants.        )
19                               )
                                 )
20                               )
                                 )  Discovery Cut-Off: Not set
21                               )  Final Pre-Trial Conf.:  Not set
                                 )  Trial: Not set
22  _____ )

23      PLEASE TAKE NOTICE that on July 28, 2016, at 8:30 a.m., or as soon

24  thereafter as counsel may be heard in Courtroom "3" of the United States District

25  Court, Central District, located at 3470 Twelfth Street, Riverside, California

26  92501-3801, Defendants, City of El Segundo, a public entity, Chief Mitch Tavera,

27  Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven

28  Trujillo, Jr., Sgt. Edward Villarreal, public employees, will and hereby do move

this Court for an order striking portions of plaintiff's First Amended Complaint ("FAC"), pursuant to Fed. R. Civ. P, 12(f).  This motion is made on the following grounds:

1.    Plaintiff's request for punitive damages, at Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC, against Defendants , Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees are improper, unsupported, and insufficient.

2.    At a minimum, the Court is authorized to strike any request for punitive damages against Chief Tavera with respect to the first, third, fourth, and fifth claims, as there are no facts to suggest that Chief Tavera was present at the site of the incident.  Specifically, the Court is requested to strike Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC against Chief Tavera, with prejudice.

3.    At a minimum, the Court is authorized to strike any request for punitive damages against Officers Beardmore and Gill, as they are not alleged to have any involvement in the incident, and only are alleged to have arrived on scene in a patrol vehicle at Paragraph 16 of the FAC.  Specifically, the Court is requested to strike Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC against Officer Beardmore and Officer Gill, with prejudice.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

///

///

///

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

DATED:  June 21, 2016                    CARPENTER, ROTHANS & DUMONT

                                                                /s/

                                         By:  _____
                                              STEVEN J. ROTHANS
                                              JUSTIN READE SARNO
                                              Attorneys for Defendants

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

  This civil action arises out of an incident that occurred on August 31, 2013, when Plaintiff Delano Fitz-Maurice Seung (hereinafter "Seung") was stopped and detained on Holly Avenue, in the City of El Segundo.  Plaintiff claims that he was a U.S. custom's agent and was in lawful possession of a firearm on the date of the incident.  Further, plaintiff claims that he was stopped by officers from the El Segundo Police Department, and that he was subjected to an unjustified seizure for approximately 2 hours, as the officers interrogated him.  As a result of the encounter, plaintiff filed the present civil lawsuit on August 31, 2015, asserting numerous claims for relief.  Following several requests for extension of time to amend his complaint, which were granted by this Honorable Court, plaintiff filed a First Amended Complaint ("FAC") on May 12, 2016.  In the FAC, plaintiff asserts numerous claims, including violations of 42 U.S.C. § 1983, and 1985 respectively.

  In the FAC, there are no concrete facts or circumstances to suggest that Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees acted in any malicious, or oppressive manner.

  In addition to the entirely vague and conclusory allegations that fail to state a claim upon which relief can be granted, plaintiff goes so far as to request the imposition of punitive damages against all of the individual defendants, in the Prayer, at Item 3, at Page 12, Lines 23-24 of the First Amended Complaint.

  Pursuant to Rule 12(f), and the standard for pleading punitive damages against an individual, it is evident that this prayer for exemplary damages is unfounded, impertinent, and must be stricken.  There are no facts to suggest ill or evil intent or motive on the part of each and every of the individual defendants.  For example, based upon the allegations in the FAC, Chief Tavera was not even physically present at the time of the incident.  Therefore, it is untenable how he

1    could be liable for punitive damages as to the first, third, fourth, and fifth claims.

2    Next, as to Officers Beardmore and Gill, the FAC only alleges at Paragraph 16 that

3    they arrived in marked police vehicles—and nothing more.  There are no facts

4    stated whatsoever to implicate either of these officers for any malicious conduct

5    under the circumstances.

6            Ultimately, the allegations contained in the FAC are so vague and

7    ambiguous and conclusory, that no request for punitive damages is tenable.

8    Therefore, this Court is respectfully requested to grant the present motion to strike,

9    in its entirety.

10   **II.     STATEMENT OF FACTS**

11           On the night of August 31, 2013, Seung was in the City of El Segundo,

12   California.  He was "taking food to the residence of local missionaries."  FAC, ¶

13   11.  Seung is a sixty-two (62) year old, "soft-spoken" male of Asian American

14   descent.  Id.  At approximately 9:20 p.m., Seung parked his vehicle on local street

15   parking on Holly Street.  Upon exiting his vehicle, Officer Scott Black ("Black")

16   turned on his patrol car headlamp, including red and blue lights on Seung.  Id. at ¶

17   12.  Seung claims to have immediately stopped and complied.  Id. at ¶ 13.

18           Seung allegedly identified himself as a "federal agent."  Id.  Further, he

19   stated that he worked at nearby Los Angeles International Airport, as a U.S.

20   customs agent and that his vehicle plates also would indicate that he was a

21   "confidential law enforcement officer."  Id.

22           Officer Black directed Seung to place his hands upon the vehicle car.  Id. at

23   ¶ 14.  Seung indicated that his ID was in his vehicle, and he was directed to

24   retrieve it.  Id.  Seung got his ID from a gym back on the front passenger seat, at

25   which point Officer Black requested that Seung place his hands behind his back.

26   Officer Black grabbed Seung's arm "placing him in a single arm control hold and

27   immediately seized and assaulted Mr. SEUNG by handcuffing him aggressively

28   with force."  Id.

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

1   Officer Black conducted a pat down of Seung.  Id. at ¶ 15.  Officer Steven
2   Trujillo arrived on scene and began to "interrogate" Seung.  Officer Trujillo then
3   allegedly "stood with his hand on his service weapon immediately in front and
4   facing down upon Mr. SEUNG in an aggressive and intimidating manner."  Id.

5   Seung allegedly cooperated and answered all questions regarding his work,
6   address, supervisors, and reason for being in the area.  Id. at ¶ 16.  Nonetheless, he
7   claims that he was continuously interrogated.  Id.  Thereafter, Officers Michael
8   Gill ("Gill") and Brent Beardmore ("Beardmore") arrived on scene in marked
9   police vehicles.  Id.

10   Although Officer Black allegedly obtained Seung's wallet, with a U.S.
11   Customs identification inside of it, Seung "continued to be detained and remained
12   handcuffed curbside for the entire duration" of approximately one hour and forty
13   minutes.  Id. at ¶ 17.  Seung claims that his service revolver was found together
14   with his wallet.  Id.  When Seung was asked if the officers could search his
15   vehicle, he allegedly responded: "I see no reason for a search, nor to detain me in
16   handcuffs as I have done nothing wrong."  Id.

17   Sergeant Edward Villarreal ("Villarreal") arrived on scene to meet with the
18   officers.  Id. at ¶ 18.  Seung claims to have been cooperative with Officer
19   Villarreal.  Id.  Seung claims he was still seated on the sidewalk in handcuffs for
20   two (2) hours, and that the City was "unapologetic."  Id. at ¶ 19.

21   Thereafter, Sgt. Villareal notified U.S. Customs watch commander, Chief
22   Melissa Armijo at LAX, that they had detained Seung.  Id. at ¶ 20.  Chief Armijo
23   went to the incident location accompanied by Chief Adrienne Lowe.  Plaintiff
24   alleges that although Armijo and Lowe confirmed Seung's account, Seung was
25   still not released.  Id.

26   Plaintiff claims that "in a conspiracy to justify SEUNG's seizure and assault
27   by CITY, and to support the suppression of SEUNG," Officer Black is alleged to
28   have then wrote a police report in which he "falsely claimed" that he had witnessed

1  Seung walk away during a pat down search, and that Seung was "uncooperative
2  with answering questions" regarding the handgun and ID, and that Seung tried to
3  pull away from the grip of Officer Black.  Id. at ¶ 21.  Plaintiff further claims that
4  the officers engaged in a conspiracy to justify the seizure and assault, because
5  Officer Black wrote in a police report that Seung was engaged in "erratic
6  behavior" and that he had unkept living conditions, and that the officers were
7  worried for his well-being.  Id. at ¶ 22.

8      Plaintiff claims that he was release at 11:40 p.m., and that he was in pain
9  from being handcuffed on the sidewalk and embarrassed for himself that his
10  employers were called to the scene.  Id. at ¶ 23.  Seung was cited for violation of
11  Vehicle Code § 24601, due to a license plate lamp not being lit properly.  The
12  infraction was resolved with disposition of dismissal with proof of correction.  Id.
13  at ¶ 25.

14  ### III.   PLAINTIFF'S CLAIMS

15      The First Amended Complaint asserts six claims against Defendants, City of
16  El Segundo, a public entity, Chief Mitch Tavera, Officer Scott Black, Sgt. Michael
17  Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., and Sgt. Edward
18  Villarreal, public employees:

19      (1)    Violation of civil rights: excessive force, unlawful seizure, and
20  conspiracy (42 U.S.C. § 1983) – against all individual defendants;

21      (2)    Unlawful custom and practice (42 U.S.C. § 1983) – against
22  Defendants, City of El Segundo, and Chief Mitch Tavera;

23      (3)    Violation of 42 U.S.C. § 1985(2) – against all individual defendants;

24      (4)    Violation of 42 U.S.C. § 1985(3) – against all individual defendants;

25      (5)    Violation of 42 U.S.C. § 1986 – against all individual defendants.

26  ///
27  ///
28  ///

- 4 -

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

## IV.    LEGAL STANDARD ON MOTION TO STRIKE

Before responding to a pleading, or if no responsive pleading is permitted, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  (Fed. R. Civ. P., 12(f); <u>see</u> <u>Whittlestone, Inc. v. Handi-Craft Co.</u> (9th Cir. 2010) 618 F.3d 970, 973-974.)  The function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (<u>Whittlestone, Inc. v. Handi-Craft Co.</u>, *supra*, 618 F.3d at 973.)  Any portion of a pleading may be challenged by Rule 12(f) motion to strike.

The grounds for a motion to strike must appear on the face of the pleading under attack or from matters that the court may judicially notice.  (<u>Dah Chong Hong, Ltd. v. Silk Grennhouse, Inc.</u> (M.D. Fl. 1989) 719 F.Supp. 1072, 1073; <u>SEC v. Sands</u> (C.D. Cal. 1995) 902 F.Supp. 1149, 1165; Fed. R. Evid., 201; Fed. R. Civ. P., 12(f).)

For purposes of a Rule 12(f) motion to strike, "immaterial" means the matter has no bearing on the controversy before the Court.  (<u>Fantasy, Inc. v. Fogerty</u> (9th Cir. 1993) 984 F.2d 1524, 1527; <u>Tucker v. American Int'l Group, Inc.</u> (D. Ct. 2013) 936 F.Supp.2d 1, 15-16.)

"Impertinent" is defined to include allegations that are not responsive or relevant to issues involved in the action and that could not be admitted as evidence in the action.  (<u>Fantasy, Inc.</u>, <u>supra</u>, 984 F.3d at 1527); <u>McArdle v. AT&T Mobility LLC</u> (N.D. Cal. 2009) 657 F.Supp.2d 1140, 1159.)

///
///
///

- 5 -

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

V.    **STATEMENT OF LAW**

A.    **Plaintiff's request for punitive damages, at Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC, against Defendants , Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees are improper, unsupported, and insufficient.**

Plaintiff's complaint fails to contain any facts or averments which would authorize the request for punitive damages against Defendants , Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal.

The Ninth Circuit has held in § 1983 cases that punitive damages may be awarded in the absence of compensatory or nominal damages, as long as the plaintiff has shown that the defendant violated a federally protected right.  Gill v. Manuel, 488 F.2d 799, 802 (9th Cir. 1973); Bise v. Int'l Brotherhood of Electrical Workers, 618 F.2d 1299, 1305-06 (9th Cir.1979).  Other circuits have adopted the same rule.  See, e.g., King v. Macri, 993 F.2d 294, 297-98 (2d Cir. 1993); Basista v. Weir, 340 F.2d 74, 88 (3rd Cir. 1965).

Further, it has been held that a "jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others."  Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir. 1991) (citing Smith v. Wade, 461 U.S. 30, 56 (1982)).

In this case, it is evident that plaintiff has failed to state facts in support of a request for punitive damages.  There are no facts whatsoever to state that all of the individually named officers were acting with evil motive, or intent, or a reckless or callous indifference to Seung's civil rights.  In short, there are no underlying competent facts to demonstrate the violation of any constitutional right in the first

- 6 -

instance, and certainly plaintiff has predicated his punitive damage requests on sweeping conclusions of law. Therefore, the request for punitive damages is untenable and must be stricken. For example, rather than provide concrete, specific facts regarding a First, Fourth, and Fourteenth Amendment violation, plaintiff's FAC is littered with conclusory allegations, suppositions, and attenuated logic.

There are no facts offered in support of the officers' psychological motives in the FAC. Instead, plaintiff appears to rely upon assumption, conjecture, and speculative conclusions. Further, there is no nexus between this purported allegiance and any wrongful conduct.

As such, this Court is respectfully requested to grant the present motion to strike the plaintiff's request for punitive damages against each of the individually named defendants at Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC, as there are simply no facts alleged in the FAC to warrant their imposition.

### B. At a minimum, the Court is authorized to strike any request for punitive damages against Chief Tavera with respect to the first, third, fourth, and fifth claims, as there are no facts to suggest that Chief Tavera was present at the site of the incident.

Plaintiff seeks the imposition of punitive damages in connection with every claim for relief (with the exception of the second claim under Monell). This would mean, by necessary implication, that plaintiff seeks the imposition of punitive damages against Chief Tavera as to the first, third, fourth, and fifth claims. However, there are no facts allege din the FAC to suggest that Chief Tavera was present at the scene of the incident. Therefore, it would inapposite, and improper, for example, for the plaintiff to somehow allege that Chief Tavera could be liable for punitive damages in connection with an unlawful seizure, or excessive force. This example highlights the fact that plaintiff has pleaded with a

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

1    broad brush, and that his request for punitive damages is fatally overbroad.  As

2    there are no facts to suggest Chief Tavera's involvement other than as a policy-

3    maker for purposes of plaintiff's second claim under <u>Monell</u>, plaintiff's request

4    for punitive damages against Chief Tavera is improper and must be stricken.

5         Specifically, the Court is requested to strike Paragraphs 34, 45, 49, 53, and

6    at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC against Chief Tavera,

7    with prejudice.

8        **C.**     <u>**At a minimum, the Court is authorized to strike any request for**</u>

9               <u>**punitive damages against Officers Beardmore and Gill, as they**</u>

10             <u>**are not alleged to have any involvement in the incident, and only**</u>

11             <u>**are alleged to have arrived on scene in a patrol vehicle at**</u>

12             <u>**Paragraph 16 of the FAC.**</u>

13         There are no facts to suggest that Officers Beardmore or Gill had any

14    involvement in this incident, other than arriving on scene in their police vehicles.

15    FAC, at ¶ 16.  As such, it is wholly improper and unsubstantiated for plaintiff to

16    assert the imposition of punitive damages against these individual officers on any

17    claim for relief.  Just as the FAC fails to state a claim upon which relief can be

18    granted against these individual defendants, so too does the FAC fail to

19    competently assert any basis for punitive damages against them.

20         Specifically, the Court is requested to strike Paragraphs 34, 45, 49, 53, and

21    at the Prayer, Item 3, at Page 12, Lines 23-24 of the FAC against Chief Tavera,

22    with prejudice.

23   **VI.**    <u>**CONCLUSION**</u>

24         Based upon the foregoing, Defendants, City of El Segundo, a public entity,

25    Chief Mitch Tavera, Officer Scott Black, Sgt. Michael Gill, Officer Brent

26    Beardmore, Officer Steven Trujillo, Jr., Sgt. Edward Villarreal, public employees

27    respectfully requests that this Court grant the instant Motion to Strike, and thereby

28    strike Paragraphs 34, 45, 49, 53, and at the Prayer, Item 3, at Page 12, Lines 23-24

1   of the FAC.

2        At a minimum, the Court is authorized to strike any request for punitive

3   damages against Chief Tavera with respect to the first, third, fourth, and fifth

4   claims, as there are no facts to suggest that Chief Tavera was present at the site of

5   the incident.

6        Finally, at a minimum, the Court is authorized to strike any request for

7   punitive damages against Officers Beardmore and Gill, as they are not alleged to

8   have any involvement in the incident, and only are alleged to have arrived on scene

9   in a patrol vehicle at Paragraph 16 of the FAC.

10

11  DATED:  June 21, 2016               CARPENTER, ROTHANS & DUMONT

12                                                           /s/

13                                          By:  _____

14                                          STEVEN J. ROTHANS
                                           JUSTIN READE SARNO
15                                          Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On June 21, 2016, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Delano Fitz-Maurice Seung
435 Avenue of Flags #16
Buellton, California 93427
fitzs@aol.com
*Plaintiff in Pro Se*

**BY MAIL**
___X___ I deposited such envelope in the mail at Los Angeles, California. The
      envelope was mailed with postage thereon fully prepaid.

**BY PERSONAL SERVICE**
_____ I delivered such envelope by hand to the addressee indicated above at the
      Los Angeles County Coroner's Office, 1104 N. Mission, Los Angeles,
      California.

      Executed on June 21, 2016, at Los Angeles, California.

**FEDERAL**
___X___ I declare under penalty of perjury under the laws of the United States of
      America that the above is true and correct.

___Gabrielle Duran___        _____/s/_____
                              (Signature)